UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

Eastern District of Kentucky
F I L E D

OCT 2 5 2006

AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 05-638-GWU

OSCAR B. PURSIFULL,                                    PLAINTIFF,

VS.                    **MEMORANDUM OPINION**

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,              DEFENDANT.

## INTRODUCTION

The plaintiff brought this action to obtain judicial review of an administrative

denial of his application for Disability Income Benefits.  The appeal is currently

before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial

review of Social Security disability benefit cases:

1.  Is the claimant currently engaged in substantial gainful activity?
    If yes, the claimant is not disabled.  If no, proceed to Step 2.
    See 20 C.F.R. 404.1520(b), 416.920(b).

2.  Does the claimant have any medically determinable physical
    or mental impairment(s)?  If yes, proceed to Step 3.  If no, the
    claimant is not disabled.  See 20 C.F.R. 404.1508, 416.908.

3.  Does the claimant have any severe impairment(s)--i.e., any
    impairment(s) significantly limiting the claimant's physical or
    mental ability to do basic work activities?  If yes, proceed to
    Step 4.  If no, the claimant is not disabled.  See 20 C.F.R.
    404.1520(c), 404.1521, 416.920(c), 461.921.

1

4.    Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5.    Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6.    See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.    Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work?  If yes, the claimant was not disabled.    If no, proceed to Step 7.    See 20 C.F.R. 404.1520(e), 416.920(e).

7.    Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy?  If yes, the claimant is not disabled.    See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply.  Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence.  Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to

2

support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms. 20 C.F.R. Section 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1)

3

whether objective medical evidence confirms the severity of the alleged
pain arising from the condition; or (2) whether the objectively
established medical condition is of such a severity that it can
reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir.
1986).

Another issue concerns the effect of proof that an impairment may be
remedied by treatment.  The Sixth Circuit has held that such an impairment will not
serve as a basis for the ultimate finding of disability.  Harris v. Secretary of Health
and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984).  However, the same
result does not follow if the record is devoid of any evidence that the plaintiff would
have regained his residual capacity for work if he had followed his doctor's
instructions to do something or if the instructions were merely recommendations.
Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106,
1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before
it, despite the plaintiff's claims that he was unable to afford extensive medical work-
ups.  Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir.
1987).  Further, a failure to seek treatment for a period of time may be a factor to be
considered against the plaintiff, Hale v. Secretary of Health and Human Services,
816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford

4

or obtain treatment to remedy his condition, <u>McKnight v. Sullivan</u>, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. <u>Studaway v. Secretary</u>, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a <u>prima facie</u> case by proving that he or she is unable to return to work. <u>Cf. Lashley v. Secretary of Health and Human Services</u>, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. 416.965(a) and 20 C.F.R. 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. <u>Id</u>. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. <u>E.g., Faucher v. Secretary of Health and Human Services</u>, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid.  In such cases, the agency

6

may be required to consult a vocational specialist. <u>Damron v. Secretary</u>, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. <u>Varley v. Secretary of Health and Human Services</u>, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The plaintiff, Oscar B. Pursifull, was found by an Administrative Law Judge (ALJ) to have "severe" impairments consisting of coronary artery disease, hyperlipidemia, hypertension, and degenerative disc disease. (Tr. 27). Nevertheless, based in part on the testimony of a vocational expert (VE), the ALJ determined that Mr. Pursifull retained the residual functional capacity to perform his past relevant work as a Courtroom deputy as it was performed the national economy and, therefore, was not entitled to benefits. (Tr. 28-30). The Appeals Council declined to review, and this action followed.

At the administrative hearing, the ALJ had asked the VE whether a person of the plaintiff's age, education, and work experience could perform any jobs if he were limited to "light" level exertion, with the ability to sit, stand, and walk six hours each an eight-hour day, but with the ability to alternate sitting and standing at one-hour intervals, and also had the following non-exertional impairments. (Tr. 414). He: (1)

could not climb ladders, ropes, or scaffolds; (2) could occasionally climb stairs, stoop, balance, kneel, crouch, and crawl; and (3) had to avoid concentrated exposure to extreme cold, heat, and respiratory irritants such as fumes, odors, dust, gases, and poor ventilation. (Tr. 414-15). The VE responded that the plaintiff could perform his job as a Courtroom deputy and, in the alternative, proceeded to give the other jobs which the person could perform and the numbers in which they existed in the regional and national economies. (Tr. 415).

On appeal, this Court must determine whether the hypothetical factors selected by the ALJ are supported by substantial evidence.

Mr. Pursifull alleged disability beginning January 3, 2003 due to heart problems, back pain, and depression. (Tr. 93-4). At the administrative hearing, Mr. Pursifull stated that he started "going downhill" after having two heart attacks in 1999, but had continued to work and was given special accommodations in his duties by the sheriff, who was his friend. (Tr. 393). He still had anginal pain despite the placement of stents, but stated that the pains only lasted five or ten minutes and he rarely took nitroglycerin. (Tr. 401-2). He also had difficulty with back and leg pain, and still had some problems with his left elbow, although for the most part "tennis elbow" surgery had been successful. (Tr. 405-6). He felt that he could walk for 15 to 30 minutes and lift a small bag groceries. (Tr. 407-8).

8

Mr. Pursifull's employer, former Bell County Sheriff Harold Harbin, submitted a letter stating that Mr. Pursifull's stamina had been decreased after having two heart attacks in 1999, he was having difficulty completing his job tasks, and he would have to leave work early two or three times a month because of back pain. (Tr. 130-1). The sheriff stated that Mr. Pursifull "could not do all that was required but out of friendship and knowing his family situation, we kept him around." (Tr. 131). The sheriff indicated that he continued to employ Mr. Pursifull until January, 2003 when he left office. (Tr. 130).

Medical records in the transcript confirmed that the plaintiff underwent heart catheterizations with stent placements in 1999 by Dr. Joseph Deleese. (Tr. 167-70, 184-86, 193-4). Mr. Pursifull continued to follow-up with this physician on several office visits in 1999, the last one of which, dated November 5, 1999, stated that he was doing well from a cardiac standpoint, and his cholesterol was under could control with Lipitor, although he was not following a good diet and had only recently started exercising; he was "at full activity." (Tr. 199). No specific restrictions were given.

In 2000, Mr. Pursifull was diagnosed as having left "tennis elbow" and Dr. Yassir Nadim performed a release of the lateral epicondylitis on April 25, 2000. (Tr. 212). No permanent restrictions were given. (Tr. 214).

9

Dr. Mark Carter conducted a consultative physical examination on March 5, 2003, and noted the plaintiff's complaints of low back pain with a "bulging disc," leg pain, a history of myocardial infarction, arthritis, and pain in the knees and elbow. (Tr. 266). Mr. Pursifull stated that he had no chest pain at rest, and only had a dull chronic pain with strenuous exertion occurring one or two times a week. (Tr. 267). He still had some pain in his left elbow, and more recently in the right, and low back pain had bothered him for eight to ten years. (Id.). Dr. Carter's examination showed that the plaintiff was obese and had slightly elevated blood pressure, but had a clear chest with normal heart sounds and had a normal range of motion in all joints. (Tr. 268). A lumbosacral spine x-ray was also normal. (Tr. 269). Dr. Carter concluded that he believed the plaintiff had stable angina, although he might have chest pain with strenuous exertion. (Tr. 270). No specific functional restrictions were given.

Office notes through April 28, 2003 from the plaintiff's treating family physician, Dr. Rogelio Uy indicate that he encouraged the plaintiff to lose weight, but did not place any specific activity restrictions. (Tr. 275-85). The physician apparently declined to complete a medical report for the state Department for Disability Determination. (Tr. 274).

Mr. Pursifull underwent MRI scans of the dorsal and lumbosacral spine on July 10, 2003. The dorsal spine was apparently normal, but the lumbosacral spine had bulging discs at L4-L5 and L5-S1, with some impingement of the thecal sac at

10

the lower level. (Tr. 338-9). A referral to an orthopedist was apparently made, but there are no records from this source in the transcript.

The only opinions regarding functional capacity come from state agency reviewing physicians. Dr. Kenneth Phillips reviewed the evidence on March 24, 2003, and felt that Mr. Pursifull could perform "medium" level exertion with occasional climbing of ladders, ropes, and scaffolds, and a need to avoid concentrated exposure to extreme cold and heat. (Tr. 340-50). Dr. P. Saranga reviewed the evidence on May 21, 2003, and limited the plaintiff to "light" level exertion, with the same non-exertional restrictions. (Tr. 352-9). A state agency psychologist, Jane Brake, opined that the plaintiff did not have a medically determinable mental impairment. (Tr. 361).

The ALJ accepted the lower exertional level listed by Dr. Saranga, and imposed slightly more restrictive non-exertional limitations. There is no evidence of greater limitations in the evidence.

On appeal, the plaintiff argues generally that he could not perform light level work if his impairments were considered in combination, but a review of the hearing decision shows that the ALJ's determination was adequate in this regard. (Tr. 27). Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). The plaintiff also submitted additional evidence to the Appeals Council, consisting of a consultative psychological evaluation performed after the date of the

11

ALJ's decision.  (Tr. 381-5).  However, no "good cause" has been cited for failing to

obtain the new evidence earlier, and the plaintiff has not even requested a remand

under 42 U.S.C. Section 405(g). <u>Cline v. Commissioner of Social Security</u>, 96 F.3d

146, 148-9 (6th Cir. 1996).

 The administrative decision is supported by substantial evidence, and will be

affirmed.

 This the ____25____ day of October, 2006.

                                            G. WIX UNTHANK

                                            SENIOR JUDGE